FILED
NOVEMBER 1, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NF

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>CAROL MORAR and McNALLY LAW OFFICES, S.C.,<br><br>Defendants. | 07 C 6185<br><br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

### Count I

1.  This is an action to enforce the terms of the Painters' District Council No. 30 Health and Welfare Plan (the "Plan"), which is operated by the Painters' District Council No. 30 Health and Welfare Fund (the "Fund") and for equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3).

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

3.  Venue is proper pursuant to 28 U.S.C. § 1132(e)(2).

4.  The Fund is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

5.  The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

## FACTUAL ALLEGATIONS

4. Defendant, Carol Morar, was an "Eligible Individual" under the terms of the Plan.

5. Defendant, Carol Morar, was injured in a personal injury accident on October 4, 2005 and sought to recover from the party who caused those injuries.

6. In connection with the injuries suffered by Defendant Morar, the Fund, through the Plan, paid medical benefits on behalf of Defendant Morar in the amount of $23,876.06.

7. Prior to the payment by the Fund of medical benefits on her behalf, Defendant Carol Morar signed a Subrogation/Agreement to Repay which entitles the Fund to full reimbursement, not reduced by attorney's fees, costs, or the common funds doctrine, for all expenses paid by the Fund on her behalf.

8. The McNally Law Offices ("McNally"), Defendant Morar's attorneys, also consented to the Subrogation/Agreement to Repay in the Consent section, which provides that they are not entitled to reimbursement or payment of any portion of their attorney's fees, costs, or compensation based on the common funds doctrine.

9. The Plan, under which Defendant Morar received benefits contains a reimbursement and right of recovery provision obligating Defendant Morar, as an Eligible Individual for whom benefit expenses were paid, to reimburse the Fund, through the Plan, for all such expenses unreduced by attorney's fees, costs, or the common fund doctrine.

10. On information and belief, the Defendant, Carol Morar, through her attorneys, McNally, recovered $100,000.00 from the party who caused her injury.

11. After her recovery, Defendant Morar, through McNally's Trust Account, attempted to reimburse the Fund for $15,918.17, but, based on terms of the Plan (the Subrogation Clause) and the Subrogation/Agreement to Repay and the Attorney's Consent, Plaintiff refuses to accept such payment as fulfilling Defendant Morar's obligation to repay.

12. To date, Defendants have refused to reimburse the Plan the $23,876.06 due.

## **ENFORCEMENT OF THE TERMS OF THE PLAN**

13. Pursuant to 29 U.S.C. §1332(a)(3), Plaintiff seeks equitable relief, including, but not limited to, an injunction, declaration of rights under the Plan, specific performance, constructive trust, and restitution against Defendant to enforce ERISA and the terms of the plan.

14. By refusing to reimburse the Fund to the extent of the benefits paid out of the amount she recovered, Defendant has violated the terms of the plan and the Agreement to Repay.

15. Since these acts and/or practices violated the terms of the plan, this Court should enter an order requiring the Defendants to reimburse the Plan in the amount of $23,876.06.

**Wherefore**, Plaintiff requests that the Court enter an order granting a declaratory judgment, injunction, specific performance and constructive trust and restitution against the Defendant requiring the Defendant to relinquish $23,876.06 to the Fund and for any

other relief to which Plaintiff is entitled and that the Plaintiff be awarded reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132 (g)(1).

    Respectfully Submitted,

    /s/  M. Garrett Hohimer_____
    One of Plaintiff's attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603-6145
(312) 372-1646