

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 3 0 2007
NOV 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHARLES E. ANDERSON, )
Trustee on behalf of the PAINTERS' )
DISTRICT COUNCIL NO. 30 )
HEATLH AND WAREFARE FUND, )
)
Plaintiff, )
vs. )
) Case No. 07-C-6185
CAROL MORAR and )
MCNALLY LAW OFFICES, S.C., )
)
Defendant. )

### NOTICE OF FILING

TO:  Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603-6145

PLEASE TAKE NOTICE on the 30th day of November, 2007, I caused to be filed with the United States District court, Northern District of Illinois *Defendant's Answer*, a copy of which is attached hereto.

By:  McNALLY LAW OFFICES, S.C.
Attorneys for Plaintiff

_____
Edward F. Kardelis

### PROOF OF SERVICE

Under penalties as provided by law, the undersigned certifies that the above listed documents were served on the party listed below at the indicated address by mailing a copy thereof and depositing same in the U.S. Mail with proper postage prepaid at Rockford, Illinois at or before 5:00 p.m. on November 30, 2007.

Signed and Certified: _____
Edward F. Kardelis
McNALLY LAW OFFICES, S.C.
555 N. Court, Suite 200
Rockford, Illinois 61103
Phone: (815) 963-3688
Fax:    (815) 963-3691



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
NOV 3 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CHARLES E. ANDERSON,<br>Trustee on behalf of the PAINTERS'<br>DISTRICT COUNCIL NO. 30<br>HEALTH AND WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>CAROL MORAR and<br>MCNALLY LAW OFFICES, S.C.<br><br>Defendants. | Case No.:   07-C-6185 |

## DEFENDANTS' ANSWER

### ANSWER TO COMPLAINT

NOW COME the Defendants, Carol Morar and McNally Law Offices, S.C., by their attorneys, McNally Law Offices, S.C., and for an Answer to the Plaintiff's Complaint, admit, deny and allege as follows:

#### Count 1

1. Admit the existence of the Health and Welfare Fund operated by the Plaintiff, but deny that the Plaintiff is entitled to equitable relief under ERISA, 29 U.S.C. § 1132(a)(3).

#### JURISDICTION AND VENUE

2. Deny this court has subject matter jurisdiction, and affirmatively allege that the apportionment of personal injury funds involves the ancillary jurisdiction of the state court of

Illinois. See *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997); *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998).

3. Deny that this matter is properly venued in federal court, pursuant to *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997); *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998), *supra*.

8. Defendants lack the necessary information to admit or deny, and therefore put Plaintiff to its strictest proof thereon.

9. Defendants lack the necessary information to admit or deny, and therefore put Plaintiff to its strictest proof thereon.

5. In response to the second Paragraph marked Number 5, Admit.

## FACTUAL ALLEGATIONS

4. In response to the second Paragraph marked Number 4, Admit.

5. In response to the third Paragraph marked Number 5, Admit.

6. Admit that the Fund paid medical benefits on behalf of Defendant, Morar, but lack the necessary information to admit or deny the amount, and therefore put Plaintiff to its strictest proof thereon.

7. Deny.

8. Deny.

9. Defendants lack the necessary plan language to be able to admit or deny, and therefore put Plaintiff to its strictest proof thereon.

10. Admit.

11. Admit, but affirmatively allege that the amount of repayment offered to the Fund represented the amount the Fund was legally entitled to pursuant to the State of Illinois' Common Fund Doctrine.

12. Deny that the Defendants have refused to reimburse the Plan, and affirmatively allege that the amount of repayment offered to the Fund represented the amount the Fund was legally entitled to pursuant to the State of Illinois' Common Fund Doctrine.

### ENFORCEMENT OF THE TERMS OF THE PLAN

13. Deny that the Plaintiff is entitled to equitable relief pursuant to 29 U.S.C. §1332(a)(3), and affirmatively allege that the Plan's subrogation rights and apportionment of the personal injury settlement is to be determined by an Illinois circuit court pursuant to Illinois law.

14. Deny.

15. Deny.

WHEREFORE, Defendants Carol Morar and McNally Law Offices, S.C., request that the Court dismiss the Plaintiff's action for lack of jurisdiction and improper venue.

DATED at Rockford, Illinois, this 29th day of November, 2007.

McNALLY Law Offices, S.C.
Attorneys for Defendants

By: _____
Edward F. Kardelis

McNally Law Offices, S.C.
555 N. Court Street, #200
Rockford, Illinois 61103